Cite as 2019 Ark. App. 540

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-18-990

| | |
|---|---|
| CITY OF GRAVETTE | **Opinion Delivered:** November 13, 2019 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-17-1852] |
| V. | |
| CENTERTON WATERWORKS AND SEWER COMMISSION AND CITY OF CENTERTON | HONORABLE DOUG SCHRANTZ, JUDGE |
| APPELLEES | AFFIRMED |

## MIKE MURPHY, Judge

Appellant City of Gravette appeals from the October 1, 2018 Benton County Circuit Court's order granting appellees City of Centerton and Centerton Waterworks and Sewer Commission's motion for summary judgment. On appeal, the City of Gravette argues that the circuit court erred as a matter of law in holding that federal law prevents it from acquiring Centerton water facilities within the annexed area. We affirm.

In April 2005, the City of Centerton and Centerton Waterworks and Sewer Commission (Centerton)[1] entered into a water-system-acquisition agreement with the Benton County Rural Development Authority. As a result, Centerton began providing

---

[1]The Centerton Waterworks and Sewer Commission is an instrumentality of the City of Centerton that manages the Centerton Water and Sewer Department. The City of Centerton adopted the arguments and pleadings of the Centerton Waterworks and Sewer Commission. For purposes of this appeal the two appellees are interchangeable.

water services to an area located within the City of Gravette (Gravette). By entering into the agreement, Centerton assumed liability for an outstanding rural-development loan that Benton County had through the United States Department of Agriculture (USDA). In June 2005, Centerton borrowed additional funds directly from the USDA to finance the water system. Centerton's debt to the USDA is secured by Centerton's water- and sewer-department revenues, which consist of the rates that the water customers pay.

On June 26, 2017, Gravette notified Centerton that it intended to acquire Centerton's water-service properties, facilities, and customers within the city limits of Gravette pursuant to Arkansas Code Annotated section 14-208-102 (Supp. 2017). This statute provides in pertinent part that

> (a)(1)(A) Unless otherwise agreed between a municipality that owns or operates a water service and a rural water service, the inclusion by annexation of any part of the assigned service area of a rural water service within the boundaries of any Arkansas municipality shall not in any respect impair or affect the rights of the rural water service to continue operations and extend water service throughout any part of its assigned service area unless a municipality that owns or operates a water service elects to purchase from the rural water service all customers, distribution properties, and facilities located within the municipality reasonably utilized or reasonably necessary to serve customers of the rural water service within the annexed areas under this chapter, excluding water sources, treatment plants, and storage serving customers outside the annexed areas.

> . . . .

> (d) This chapter shall not limit applicable federal law, including without limitation 7 U.S.C. § 1926(b).

Per the statute, Gravette's notice to Centerton included a request to engage in good-faith negotiations about the acquisition. Centerton responded that it did not desire to enter into negotiations. It acknowledged the Arkansas statute but claimed that it was inapplicable because Centerton's water system was indebted to the USDA entitling it to 7 U.S.C. §

2

1926(b) protection. This statute protects rural water associations' service areas from certain incursions by nearby cities when they are indebted to the federal government. Specifically, it provides

> (b) Curtailment or limitation of service prohibited
>
> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C. § 1926(b) (2012).

On September 20, 2017, Gravette filed suit seeking to enforce negotiations under Arkansas Code Annotated section 14–208–102 for Centerton's water service assets within the city limits of Gravette. If negotiations failed, Gravette requested the acquisition proceed as provided in Arkansas Code Annotated section 14–208–103.[2] Gravette specifically pleaded that 7 U.S.C. § 1926(b) did not bar the acquisition because it intended to pay Centerton's federal indebtedness associated with the water-service facilities at issue. Centerton answered raising § 1926(b) as a defense.

The parties filed competing summary-judgment motions. Gravette asserted that Centerton should be compelled to negotiate in accordance with Arkansas Code Annotated section 14–208–102 and that the procedures established in the state statute ensure a satisfactory value for the transfer of assets. It stated that because section 14–208–102 ensures

---

[2]Arkansas Code Annotated section 14–208–103 contemplates the procedure and valuation formula if an agreement cannot be reached under section 14–208–102.

3

that interested parties will not suffer adverse consequences, Centerton's 7 U.S.C. § 1926(b) defense would be moot. Gravette also pointed out that Centerton had similarly acquired the service area in dispute from the Benton County Rural Water Authority in 2005 by assuming the Benton County Rural Water Authority's liabilities on a USDA rural-development loan. Lastly, Gravette noted the fact that Centerton had agreed to sell some of its assets located in Gravette to Bella Vista, evidencing an intent contrary to the policy of § 1926(b). In essence, Gravette's motion argued that Centerton only asserted the § 1926(b) protection "for self–interested dealings and to avoid the prescribed methods of transfer."

Centerton's motion for summary judgment asserted sovereign immunity; it argued that the plain language of Arkansas Code Annotated section 14-208-102 rendered it inapplicable; and that it was categorically entitled to protection under 7 U.S.C. § 1926(b). In response to Gravette's argument that it would assume the loan from Centerton and pay it off, Centerton acknowledged that there are no reported cases on the issue, but it argued that Centerton could not be forced to accept a loan payoff.

After the hearing and the submission of posthearing briefs, the circuit court issued a letter opinion granting summary judgment in favor of Centerton. Referring to the plain language of Arkansas Code Annotated section 14-208-102 and the Supremacy Clause, the court found 7 U.S.C. § 1926(b) to be the controlling authority. It further found that Centerton met the criteria set forth by 7 U.S.C. § 1926(b), thus entitling it to protection. A final order incorporating the letter opinion was entered, and this appeal followed.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ark. R. Civ. P. 56(c). A circuit court's conclusion on a question of law is reviewed de novo and is given no deference on appeal. *R&L Carriers Shared Servs., LLC v. Markley*, 2017 Ark. App. 240, at 4, 520 S.W.3d 268, 272. And when the parties agree on the facts, the appellate court simply determines whether the appellee was entitled to judgment as a matter of law. *Id.* When parties file cross-motions for summary judgment, as they did in this appeal, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving this case. *Id.* Here, the parties agree that the case turns on the proper application of Arkansas Code Annotated section 14-208-102 and 7 U.S.C. § 1926(b).

While our state law is limited on the issue, the Eighth Circuit has previously addressed 7 U.S.C. § 1926(b) in *Public Water Supply District No. 3 of Laclede County, Missouri v. City of Lebanon, Missouri*, 605 F.3d 511, 515 (8th Cir. 2010). It provided the following discussion.

> The Consolidated Farm and Rural Development Act of 1961 authorizes the USDA to issue loans "to associations, including corporations not operated for profit, Indian tribes on Federal and State reservations and other federally recognized Indian tribes, and public and quasi-public agencies." 7 U.S.C. § 1926(a)(1). We will refer to these associations as "rural districts." The qualifying federal loans made to rural districts are "to provide for the application or establishment of soil conservation practices, shifts in land use, the conservation, development, use, and control of water, and the installation or improvement of drainage or waste disposal facilities, recreational developments, and essential community facilities." *Id.* When such a loan is made, § 1926(b) protects the federally indebted rural district's service area from certain incursions by nearby cities.
>
> We have only once before addressed the merits of a claim based on § 1926(b). *See Rural Water Sys. No. 1 v. City of Sioux Center*, 202 F.3d 1035 (8th Cir. 2000). In *Sioux Center*, we noted that "any '[d]oubts about whether a water association is entitled to protection from competition under § 1926(b) should be

5

resolved in favor of the [USDA]–indebted party seeking protection for its territory.'" *Id*. at 1038 (quoting *Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192, 1197 (10th Cir. 1999)).

With these principles in mind, we proceed to address Gravette's argument that the circuit court erred in granting Centerton summary judgment by finding it was entitled to 7 U.S.C. § 1926(b) protection. To support its argument, Gravette asserts that the intent of the statute would be met by payment of the indebtedness, which Gravette assured it would do, and that Centerton thus raised the 7 U.S.C. § 1926(b) defense prematurely because Gravette had not been given an opportunity to extinguish Centerton's debt.

The basic rule of statutory construction is to give effect to the intent of the legislature. *McKim v. Sullivan*, 2019 Ark. App. 485, at 14, 588 S.W.3d 118, 127. In considering the meaning and effect of a statute, we first construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. When the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id*. If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. *Id*.

Arkansas Code Annotated section 14-208-102 provides a mechanism by which a municipality can acquire a water system, but there are blatant limitations to this since subsection (d) of the statute states, "This chapter shall not limit applicable federal law, including without limitation 7 U.S.C. § 1926(b)."

The plain language of subsection (d) directs that federal law is the controlling authority and supersedes the state law. Furthermore, our supreme court has stated that 7

6

U.S.C. § 1926(b) is designed to prevent competition. *Town of Lead Hill v. Ozark Mountain Reg'l Pub. Water Auth.*, 2015 Ark. 360, at 12, 472 S.W.3d 118, 126. Consequently, we are not persuaded by Gravette's argument that the "main concern" of 7 U.S.C. § 1926(b) would be met by Gravette's payment of the indebtedness, and Gravette fails to cite authority to convince us otherwise.

We find *Organ Water & Sewer Association v. Moongate Water Co., Inc.*, No. CV 01–883 RB/WDS, 2003 WL 27384903, at *7 (D.N.M. Oct. 8, 2003) more applicable. There, Organ Water and Sewer Association asserted it was entitled to 7 U.S.C. § 1926(b) protection from Moongate Water Company from encroaching upon its service area. *Id.* Similar to our case, Moongate asserted that because Organ Water and Sewer Association refused to accept its offer to repay the loan, it should not be entitled to 7 U.S.C. § 1926(b) protection. *Id.* The court disagreed, finding that the legislative intent of 7 U.S.C. § 1926(b) is to protect rural water districts from competition in order to encourage rural water development. Therefore, it found Moongate's proposal would thwart the legislative intent behind § 1926(b) if a competitor were allowed to pay off the federal loan in order to encroach upon the water association's service area. *Id.* Similarly, Gravette's offer to repay Centerton's loans frustrates the purpose of 7 U.S.C. § 1926(b).

We also disagree with Gravette's argument that Centerton prematurely raised the 7 U.S.C. § 1926(b) defense. It asserts that only after the statutory process had run its course would 7 U.S.C. § 1926(b) potentially apply if the acquisition did not fully retire Centerton's federal indebtedness. Again, because 7 U.S.C. § 1926(b) is designed to prevent competition, we find no error in Centerton's timing in raising 7 U.S.C. § 1926(b) as a defense.

7

Gravette also raises concern that in 2005, Centerton acquired the service area in dispute and assumed liability for a loan in contravention of 7 U.S.C. § 1926(b). Likewise, it notes that Centerton sold assets to Bella Vista, which further illustrates that assets can be sold, even while there is federal indebtedness covered by 7 U.S.C. § 1926(b). We hold it is in the water association's discretion to raise this defense, and 7 U.S.C. § 1926(b) protects an association from a forcible acquisition. This protection is unaffected if the incursion is the result of a cooperative transaction.

Therefore, because we hold that the protection of 7 U.S.C. § 1926(b) is not altered by the application of Arkansas Code Annotated section 14-208-102 and that it is in the association's discretion to raise the defense, we agree with the circuit court that Centerton is entitled to 7 U.S.C. § 1926(b) protection.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *Morgan S. Doughty*, *Thomas N. Kieklak*, and *R. Justin Eichmann*, for appellees.